O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

MAGDALENO CERVANTES,

Defendant/Movant.

_____

Case Nos. EDCV 13-01910-VAP
**EDCR 09-00011-VAP**

**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

**[Motion filed on October 21, 2013]**

## I. SUMMARY OF PROCEEDINGS

On October 21, 2013, Magdaleno Cervantes ("Movant") filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct A Sentence By A Person In Federal Custody." ("Motion" or "Mot.") ([Civ.] Doc. No. 1.)[1] Respondent filed an Opposition to the § 2255 Motion on November 18, 2014. ([Crim.] Doc. No. 194.) Movant then filed an "expended motion" to re-characterize the pending

---

[1]   Citations to "[Civ.]" refer to the Court's docket for the Motion in the civil case EDCV 13-01910-VAP. Citations to "[Crim.]" refer to the Court's docket in the underlying criminal case, EDCR 09-00011-VAP.

Motion as one for mandamus under the All Writs Act, 28 U.S.C. § 1651 ("Mandamus Motion" (Doc. No. 197)), and a "Motion to VOID Government's Motion to Dismiss" on January 31, 2014.  ("Void Motion" (Doc. No. 198)).  The Court will consider both of these filings as supplemental to the pending § 2255 Motion.[2]

## II. BACKGROUND FACTS

On January 14, 2009, a grand jury returned an indictment charging in counts one through three of a four count indictment that Movant violated 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Methamphetamine and 21 U.S.C. § 846, Conspiracy to Distribute.  ([Crim.] Doc. No. 10.)

On August 10, 2009, Movant filed a motion to suppress evidence obtained as a result of a search warrant executed on November 25, 2008.  ([Crim.] Doc. No. 66.) The Court conducted an evidentiary hearing on October 14, 2009, and issued an order denying the motion to suppress on October 26, 2009.  ([Crim.] Doc. No. 103.)  Movant

---

[2]   As explained by the Ninth Circuit, a federal habeas petitioner cannot circumvent the procedural requirements of § 2255 by characterizing the motion as one under the All Writs Act.  See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001). Thus, as the Court is bound to construe pro se complaints and motions liberally (see United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000)), the fairest reading of these additional filings are as supplements to the original § 2255 motion.

filed a motion for reconsideration of the Court's order denying the motion to suppress on February 2, 2010. ([Crim.] Doc. No. 116.)  The Court denied Movant's motion for reconsideration, and granted the Government's motion for partial reconsideration, to the extent the Court's previous order found the officers' initial search of an unattached garage exceeded the scope of the warrant. ([Crim.] Doc. No. 126.)

On April 1, 2010, Movant entered a guilty plea to count one of the indictment, pursuant to a written plea agreement (see [Crim.] Doc. No. 127 ("Plea Agreement")). ([Crim.] Doc. No. 130.)  Pursuant to the plea agreement, Movant agreed to waive his right to appeal the order denying his motion to suppress, as well as his right to "bring a post-conviction collateral attack on the conviction or sentence," with certain limitations not at issue here.  (See Plea Agreement at ¶ 18.[3])  On June 21, 2010, the Court sentenced Movant to a 240 month term of imprisonment on count one of the indictment, and a ten year term of supervised release.  (See Minutes of Sentencing ([Crim.] Doc. No. 139); Judgment and Commitment Order ([Crim.] Doc. No. 140).)

---

[3]    The paragraphs in the plea agreement are numbered 1 through 20, and then begin again at 18.  The paragraph 18 the Court refers to throughout this Order is the second instance of paragraph 18 located on page 10 of the plea agreement.

Despite the fact that the plea agreement waived Movant's right to appeal the Court's order denying his motion to suppress, Movant filed an appeal challenging that order on July 7, 2010.  ([Crim.] Doc. No. 143.)  On November 13, 2012, the Ninth Circuit dismissed Movant's appeal, finding that Movant's appellate waiver was enforceable and there was no evidence that he did not understand he had waived his right to appeal.  See United States v. Cervantes, 494 F. App'x 811, 812 (9th Cir. 2012).  On October 21, 2013, Movant filed the instant Motion.  ([Crim.] Doc. No. 192; [Civ.] Doc. No. 1.)

## III. DISCUSSION

Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure."  United States v. Timmreck, 441 U.S. 780, 783-84 (1979).  If the record clearly indicates that a movant does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. United States

v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also
United States v. Chacon-Palomares, 208 F.3d 1157, 1159
(9th Cir. 2000) ("When a prisoner files a § 2255 motion,
the district court must grant an evidentiary hearing
'[u]nless the motion and the files and records of the
case conclusively show that the prisoner is entitled to
no relief.'" (quoting 28 U.S.C. § 2255)).

**A.   Grounds for Relief**

     In the Motion and the supplemental filings, Movant
raises four grounds for relief:

     1.   The Court did not establish subject-matter
          jurisdiction on the record as required by law;
     2.   Movant's conviction was obtained by use of
          evidence gained pursuant to an unconstitutional
          search and seizure;
     3.   Movant's conviction was obtained by use of
          evidence obtained pursuant to an unlawful
          arrest;
     4.   No Grand Jury return was made in open court, in
          violation of the Fifth Amendment.

(Mot. at 4-5; Mandamus Motion at 1-2; Void Motion at 1-
2.)

**B.   Movant's Plea Agreement Bars this Action**

Paragraph 18 of the plea agreement states that, by agreeing to the terms of the plea agreement, Movant would waive certain rights to appeal.  Paragraph 18 provides

> Defendant gives up the right to appeal the order
> issued by the Court on defendant's motion to
> suppress, dated October 26, 2009, and the order
> issued by the Court on defendant's motion for
> reconsideration of the Court's 10/26/09 order,
> dated March 19, 2010.  Defendant also gives up
> the right to appeal any sentence imposed by the
> Court, and the manner in which the sentence is
> determined, provided that (a) the sentence is
> within the statutory maximum specified above and
> is constitutional, and (b) the Court imposes a
> sentence within or below the range corresponding
> to a total offense level of 35 and the
> applicable criminal history category as
> determined by the Court.  Defendant also gives
> up any right to bring a post-conviction
> collateral attack on the conviction or sentence,
> except a post-conviction collateral attack based
> on a claim of ineffective assistance of counsel,
> a claim of newly discovered evidence, or an
> explicitly retroactive change in the applicable

6

1    Sentencing Guidelines, sentencing statutes, or

2    statutes of conviction.

3

4  (Plea Agreement at ¶ 18.)  Direct appeal waivers and

5  waivers of post-conviction relief are valid so long as

6  they are made expressly.  <u>Lemke v. Ryan</u>, 719 F.3d 1093,

7  1096 (9th Cir. 2013) <u>cert. denied,</u> 134 S. Ct. 1303 (U.S.

8  2014) ("Our circuit precedent makes clear, however, that

9  a waiver of collateral attack must be express, and that a

10 plain waiver of appeal does not suffice.") (citing

11 <u>United States v. Benboe</u>, 157 F.3d 1181, 1183 (9th Cir.

12 1998)).

13

14    On direct appeal, the Ninth Circuit held that

15 Movant's waiver of direct appeal was valid and

16 enforceable, and therefore his appeal must be dismissed.

17 <u>Cervantes</u>, 494 F. App'x at 813 ("Thus, the record

18 demonstrates that Cervantes' waiver was knowing and

19 voluntary . . . . [¶] We DISMISS Cervantes' appeal . . .

20 .").  As the plea agreement also waived Movant's right to

21 bring a post-conviction challenge to his sentence and

22 conviction, the Court must also dismiss his § 2255

23 motion.

24

25

26

27

28

**C.   All of Movant's Grounds for Relief Are Barred**

Even assuming Movant's claims for post-conviction relief were not waived by the plea agreement, all of his claims are procedurally defaulted.

**1.   Claims Brought on Direct Appeal Cannot Be the Subject of a Subsequent § 2255 Motion**

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); see also United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979).  This "law of the case" doctrine only applies where the issue in question was "decided explicitly or by necessary implication in [the] previous disposition." United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000)(alteration in original)(quoting Liberty Mutual Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982)).  "A collateral attack is the 'same case' as the direct appeal proceedings for purposes of the law of the case doctrine." United States v. Jingles, 702 F.3d 494, 500 (9th Cir. 2012) cert. denied, 133 S. Ct. 1650, (2013)(citing Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972)).

Here, Movant previously argued in the Ninth Circuit that the evidence obtained as a result of the search should have been suppressed.  <u>See</u> <u>Cervantes</u>, 494 F. App'x at 812 ("[D]efendant[] Magdaleno Cervantes . . . appeal[s] the district court's denial of [his] motion[] to suppress evidence of methamphetamine.").  As Movant's grounds for relief based on the search have already been presented to and rejected by the Ninth Circuit, he cannot receive the relief he requests here.  Accordingly, Movant's claims that his conviction was obtained by use of evidence obtained pursuant to an unlawful search or unlawful arrest must be dismissed.

> **2.   The Remaining Grounds for Relief Are Procedurally Defaulted**

Generally, claims not raised on direct appeal may not be raised in a motion pursuant to § 2255 unless the petitioner shows cause and prejudice, "actual innocence," or if the claim is related to an ineffective assistance of counsel claim.  <u>Massaro v. United States</u>, 538 U.S. 500, 504-05 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."); <u>see also</u> <u>Bousley v. United States</u>, 523 U.S. 614, 621-622 (1998).

9

1    Here, Movant's first and fourth claims for relief --
2    those relating to the Court's subject-matter jurisdiction
3    and the Grand Jury's indictment -- were not raised on
4    direct appeal and Movant has not shown cause and
5    prejudice, "actual innocence," or that his counsel was
6    ineffective.  Thus, grounds one and four are procedurally
7    defaulted.  Accordingly, the Court must dismiss Movant's
8    claims that the Court lacked subject-matter jurisdiction
9    over his prosecution and that there was no indictment
10   returned against him.

11

12   **D.   Movant's Claims Fail on the Merits**
13   Finally, even if Movant's claims relating to the
14   Court's subject-matter jurisdiction or the lack of a
15   grand jury indictment were not barred by his plea
16   agreement or procedurally defective, they would still
17   fail on the merits.

18

19   **1.   The Court's Subject-Matter Jurisdiction**
20   Movant, in the Motion and the supplemental filings,
21   contends that all of the Court's actions, including his
22   conviction and sentencing, are void because the Court did
23   not establish that it had subject-matter jurisdiction
24   over his prosecution.  (Mot. at 5 ("According to Supreme
25   Court findings, the Dist. Court is required to establish
26   jurisdiction as a threshold matter. . . . The Court never
27   established jurisdiction in this matter."); Void Motion

28

at 1 (seeking to void and nullify all previous proceedings due to lack of subject-matter jurisdiction, citing <u>Steel Co. v. Citizens for a Better Env't,</u> 523 U.S. 83, 86 (1998)).)

Movant misunderstands what is required of the Court to establish subject-matter jurisdiction in federal prosecutions.  Of course it is true, as Movant contends, that this Court may not act without subject-matter jurisdiction and the Court has an independent obligation to assure that it has subject-matter jurisdiction over each case brought before it.  <u>See</u> <u>In re Sealed Case</u>, 131 F.3d 208, 210 (D.C. Cir. 1997) ("the law requires a court to examine its own subject-matter jurisdiction in criminal cases as well as civil cases.  'Subject-matter jurisdiction presents a threshold question in any federal prosecution.'") (quoting  <u>United States v. Baucum</u>, 80 F.3d 539, 540 (D.C. Cir.) (per curiam)).

But the Court is not required to make a specific finding of subject-matter jurisdiction on the record, in open court, as Movant appears to contend.  (<u>See</u> Mot. at 5.)  Rather, pursuant to 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States."  As Movant was charged with a violation of the laws of the United States, to wit, Sections 841(a)(1) and 846 of

1  Title 21 of the United States Code, the Court had
2  subject-matter jurisdiction over this action.  See United
3  States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008).
4  Moreover, the Court also had personal jurisdiction over
5  Movant, as he was brought before the Court on a federal
6  indictment charging a violation of federal law.  See id.
7  ("the district court had personal jurisdiction over Marks
8  by virtue of Marks' having been brought before it on a
9  federal indictment charging a violation of federal
10 law."); see also United States v. Warren, 610 F.2d 680,
11 684 (9th Cir. 1980) ("In this circuit, however, a court
12 has exclusive personal jurisdiction over any party who
13 appears before it, regardless of how that appearance was
14 effected.").

15

16     Accordingly, Movant's claim that this Court lacked
17 subject-matter jurisdiction in this action or personal
18 jurisdiction over him is without merit.

19

20     **2.   Movant's Claim that No Grand Jury Returned an
21          Indictment in this Case is Contradicted by the
22          Court's Docket**
23 In the Mandamus Motion, Movant states
24 [A]ll judicial processes in case No. 5:09-cr-
25 00011-VAP-1 out of the United States District
26 Court, for the Central District of California,
27 before the Honorable VIRGINIA A PHILLIPS, ---
28

                          12

1    Judge PRESIDING are/ is unenforceable because
2    judge PHILLIPS exceeded the outer bounds of her
3    federal judicial powers as the government/
4    Respondents did a underhanded trick against the
5    petitioner, and judge PHILLIPS, where the
6    respondents knew that **NO** **GRAND** **JURY** handed down
7    this indictment and no foreperson signed a TRUE
8    BILL in open court in violation of F.R.Cr.P.
9    Rule 6(c), which requires the Grand Jury foremen
10   to record the vote, then file a letter or
11   certificate of concurrence with the clerk of
12   court.

14   (Mandamus Motion at 1-2.) Movant's argument is plainly
15   contradicted by the Court's docket which contains the
16   indictment returned against Movant, as well as Movant's
17   acknowledgment in the plea agreement that he was pleading
18   guilty to count one of the indictment. (Plea Agreement
19   at ¶ 2 ("Defendant agrees to plead guilty to count one of
20   the indictment in United States v. Magdaleno Cervantes,
21   et al., ED CR No. 09-11-VAP."); ¶ 3 ("Defendant admits
22   that defendant is, in fact, guilty of this offense as
23   described in count one of the indictment.").)

25   Accordingly, Movant's claim that no indictment was
26   returned against him is without merit.

### IV.   CONCLUSION

Movant has not shown he is entitled to relief on any of the grounds raised in the Motion and supplemental filings.  Hence, the Court DENIES the Motion and orders this action dismissed with prejudice.

Dated:  _April 29, 2014_

_____
VIRGINIA A. PHILLIPS
United States District Judge